**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MASHOUNA ANDRADE, an individual, DAVINITY ANDRADE, a minor, by and through her guardian ad litem Raynisha Hensel,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA, *et al*.,<br><br>　　　　　　　　　Defendants. | Case No. 19-cv-0930-BAS-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>**[ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF No. 1]** |

　　　Plaintiffs Mashouna Andrade and Davinity Andrade, proceeding with counsel, have filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), against Defendants United States of America, San Ysidro Health, a federally qualified health center, and two San Ysidro Health employees, Defendants "Doe Sandra" and "Doe Jasmine." (ECF No. 1.) Plaintiffs have not paid the requisite filing fee to commence a civil action in federal court. Instead, Plaintiff Mashouna Andrade moves to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons herein, the Court grants Plaintiff Mashouna Andrade's motion to proceed IFP. Conducting a mandatory screening of the Complaint, the Court: (1) dismisses the

– 1 –

19cv930

Complaint with leave to amend for failure to adequately allege the FTCA jurisdictional requirement of administrative exhaustion, (2) dismisses all Defendants other than the United States as improper FTCA defendants, and (3) dismisses with leave to amend Plaintiff Davinity Andrade's "bystander negligence" claim.

**RELEVANT BACKGROUND**

The claims in the Complaint stem from a series of events that began on September 26, 2016 when Plaintiff Mashouna Andrade allegedly went to an appointment at San Ysidro Health in Chula Vista, California to receive a cavity filling. (Compl. ¶ 8.) Dr. Andrew Beizaee performed the filling and gave Plaintiff instructions for post-filling care. (*Id*. ¶ 9.) Later that night, the filling fell out and so Plaintiff returned to San Ysidro Health the next day. (*Id.* ¶ 10.) Dr. Michael Rozen, a dentist, treated Plaintiff on an emergency basis by sedating Plaintiff and anesthetizing the tooth. (*Id.* ¶¶ 10–11.) In relevant part, Dr. Rozen prescribed Plaintiff Norco/acetaminophen, an opioid pain reliever, specifically 6 tablets 5/325 milligrams. (*Id.* ¶ 12.) Plaintiff did not fill the prescription because she felt better after her treatment. But eight days after her emergency treatment, Plaintiff felt a throbbing pain around her tooth. (*Id*. ¶ 13.)

On September 26, 2016, Plaintiff sent her son to drop off the prescription from Dr. Rozen at a CVS pharmacy in San Diego, California. (*Id*.) The CVS pharmacist called San Ysidro Health, on which call Doe Jasmine told the pharmacist that Plaintiff was not their patient and the doctor who signed the prescription did not work for them. (*Id*. ¶ 14.) Around 4:45 P.M. that day, Plaintiff and her 9-year-old daughter, Plaintiff Davinity Andrade, went to pick up the prescription, at which point the CVS pharmacist called the San Diego police. (*Id.* ¶ 15.) "Multiple San Diego police units responded" and 6 officers escorted Plaintiffs to the pharmacy desk, where the pharmacist "confirmed that she [Plaintiff Mashouna Andrade] was the person trying

to 'pass the forged prescription.'" (*Id*. ¶ 16.) Two officers then forcibly handcuffed Plaintiff Mashouna Andrade "in front of her" daughter and additional units continued to arrive, "including a K-9 unit[.]" (*Id*. ¶ 16.) After placing Plaintiff Mashouna Andrade into a police car, San Diego Police Officer Anikanova then called San Ysidro Health, on which call Doe Sandra also stated that Plaintiff was not their patient and the doctor who signed the prescription did not work for them. (Id. ¶ 18.)

Plaintiff Mashouna Andrade was booked into the Las Colinas Detention Facility in Santee, California on September 26, 2016 and held on $20,000 bond. (*Id*. ¶ 20.) The San Diego District Attorney filed a felony complaint against her, Superior Court Case No. CD268940, alleging two counts of obtaining a prescription by fraud/deceit and forgery of a prescription for a narcotic. (*Id*. ¶ 21.) Plaintiff requested and gave a copy of her medical records from San Ysidro Health to her public defender. (*Id*. ¶ 22.) Thereafter, the District Attorney dropped the charges at the second readiness hearing. (*Id*.)

Based on this conduct, Plaintiff Mashouna Andrade brings a negligence claim against "San Ysidro, Doe Jasmine, and Doe Sandra" for pain, suffering, emotional distress and medical expenses. (Compl. ¶¶ 24–28.) She claims that the United States is liable for negligence "under the theory of *respondeat superior*." (*Id*. ¶ 28.) Plaintiff Davinity Andrade brings a "bystander negligence" claim against the same nominal defendants for emotional distress. (*Id.* ¶¶ 29–34.) Both Plaintiffs seek damages. (*Id.* at 8.)

## DISCUSSION
**A.    Motion to Proceed *In Forma Pauperis***

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing

fee of $400.00. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). A plaintiff must declare the facts of her poverty "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff Mashouna Andrade indicates that she receives $1,800 in monthly income from public assistance. (ECF No. 2 at 2.) Plaintiff reports average monthly liabilities of $1,745. (*Id*. at 5.) Plaintiff has adequately shown that she cannot afford the filing fee without facing undue hardship. Accordingly, the Court grants Plaintiff Mashouna Andrade's IFP motion.

**B.     Mandatory Screening of Complaint**

A complaint filed by any litigant proceeding IFP is subject to mandatory screening by the court in which the complaint is brought. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."). Under § 1915(e)(2), the court must dismiss a case if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against persons immune from suit. Because this case is proceeding based on the IFP status the Court has granted to Plaintiff Mashouna Andrade, the Court conducts a mandatory screening of the Complaint.

Plaintiff Mashouna Andrade and Davinity Andrade rely on the FTCA as the

basis for this Court's jurisdiction. (Compl. ¶ 1.) The Court first addresses Plaintiffs' failure to adequately allege that this Court has subject matter jurisdiction under the FTCA. In addition, the Court finds that other deficiencies in the pleadings warrant dismissal of the Complaint.

### 1. Plaintiffs Fail to Adequately Allege FTCA Jurisdiction

Plaintiffs name the United States of America as a defendant based on the alleged negligence of Defendants San Ysidro Health, Doe Sandra, and Doe Jasmine. The United States is generally immune from suit, and can only be sued to the extent that it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA, 28 U.S.C § 1346(b)(1), provides such a waiver "for tort claims arising out of the negligent conduct of government employees and agencies in circumstances where the United States, if a private person, would be liable to the claimant" under state law. *Green v. United States*, 630 F.3d 1245, 1249 (9th Cir. 2011).

As a prerequisite to jurisdiction, the FTCA requires that the plaintiff first present the claim to the appropriate federal agency, and that the claim be "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If the agency fails to make a final disposition of a claim within six months, the claim is deemed denied. *Id*. A plaintiff has six months from the final denial of a claim to file an action under the FTCA in federal district court. 28 U.S.C. § 2401(b). A plaintiff may not bring a claim under the FTCA claim until she has exhausted all administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993). This exhaustion requirement is interpreted strictly. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Plaintiffs bear the initial burden of establishing subject matter jurisdiction

under the FTCA. *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014). Plaintiffs offer a single paragraph in the Complaint regarding their compliance with the FTCA's exhaustion requirement. Plaintiffs allege that:

> A Federal Tort Claims Act Standard Form 95 was timely filed on behalf of both MASHOUNA ANDRADE and DAVINITY ANDRADE with the United States Department of Health and Human Services. The claim forms were rejected and this lawsuit has been timely filed within six months from the date of rejection of those claims.
> (Compl. ¶ 23.)

The Department of Health and Human Services appears to be the appropriate agency to assert an FTCA claim concerning alleged negligence by employees of a federally qualified health center, like San Ysidro Health. *See Velasquez v. United States*, No. 2:13-cv-02559-JAM-AC, 2014 WL 3837294 (E.D. Cal. July 31, 2014). Plaintiffs' single allegation, however, is insufficient to carry their burden to show that this Court possesses subject matter jurisdiction over the Complaint.

Without further factual allegations, the allegation amounts to nothing more than a bare legal conclusion calculated to satisfy a jurisdictional requirement. Plaintiffs must allege facts that show exhaustion, including the date the form was filed, the form's contents, and date the complaint was rejected. *See Heinrich v. United States*, No. 3:15-cv-0559-RCJ-VPC, 2016 WL 1714260, at *3 (D. Nev. Mar. 28, 2016) (dismissing FTCA complaint on mandatory screening for plaintiff granted IFP status when plaintiff failed to allege facts showing exhaustion); *Franklin v. United States*, No. 1:11 cv 00173 GSA PC, 2013 WL 2902844 (E.D. Cal. June 13, 2013) (dismissing complaint where plaintiff failed to allege "when he filed his claim, where he filed it, and when the final disposition of his claim was entered"). Plaintiffs have failed to do so. Accordingly, the Complaint is subject to dismissal for lack of subject matter jurisdiction due to Plaintiffs' failure to adequately allege exhaustion.

### 2. The Complaint's Other Pleading Deficiencies

Although Plaintiffs have failed to adequately establish subject matter jurisdiction under the FTCA, Plaintiffs' claims suffer from other deficiencies that separately warrant dismissal. The Court identifies these deficiencies now to afford Plaintiffs the opportunity to correct these deficiencies in any amended complaint.

***Improper Defendants.*** Plaintiffs raise negligence claims against Defendants San Ysidro Health, Doe Jasmine, and Doe Sandra and further claim that the United States is vicariously liable.[1] (Compl. ¶¶ 24–34.) All Defendants other than the United States, however, must be dismissed because they are not proper defendants. "[T]he United States is the only proper defendant in a[n] [FTCA] action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). In particular, the only remedy for alleged negligence by Defendant San Ysidro Health, a federally qualified health center, is specifically through the FTCA in an action against the United States pursuant to the Federally Supported Health Centers Assistance Act of 1992. *See* 42 U.S.C. § 233(g); *Reichlin v. Del Norte Cty. HHS*, No. 14-cv-05213-NJV (NJV), 2015 WL 2248594, at *1 (N.D. Cal. May 12, 2015). Accordingly, the Court dismisses Defendants San Ysidro Health, Doe Jasmine, and Doe Sandra. Although an amended complaint may of course include factual allegations regarding them, any amended complaint asserting claims pursuant to the FTCA may name only the United States as a defendant.

***Negligence Claims.*** Under the FTCA, "the United States . . . [is] liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, to demonstrate negligence under the FTCA, a plaintiff

---

[1] Plaintiff Davinity Andrade labels her claim as a claim for "bystander negligence." (Compl. ¶¶ 29–34.) There is no such thing as a bystander negligence claim. At base, Plaintiff seeks to state a negligence claim.

must allege the same elements that state law requires for the substantive cause of action. *See Rayonier Inc. v. United States*, 352 U.S. 315, 318 (1957).

Plaintiffs seek to raise negligence claims based on alleged conduct that occurred in California. "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1564 (Cal. Ct. App. 1990)).

Plaintiff Mashouna Andrade alleges that San Ysidro Health, Doe Jasmine, and Doe Sandra each owed her a duty of "ordinary care that a reasonable person would have exercised" that they breached when they told the CVS pharmacist and the San Diego police that Plaintiff was not a San Ysidro Health patient, that Dr. Rozen did not work for San Ysidro Health, and that no one at San Ysidro Health signed Mashouna Andrade's prescription. (Compl. ¶¶ 24–28). Mashouna Andrade alleges that she suffered pain, emotional distress, and medical expenses as a result of the breach of that duty. (*Id.* ¶ 27.) These allegations would be adequate to survive another mandatory screening of the Complaint if Plaintiff Mashouna Andrade is able to show that subject matter jurisdiction exists.

In contrast, Plaintiff Davinity Andrade conspicuously fails to allege the existence of a duty owed to her that San Ysidro Health, Doe Jasmine, or Doe Sandra breached. (*See id.* ¶¶ 29–34.) The crux of Plaintiff Davinity Andrade's claim is that she "was present when the negligence of San Ysidro Health, Doe Jasmine, and Doe Sandra occurred" and she "was aware that the arrest of her mother . . . was causing injury to her mother." (*Id.* ¶¶ 31–32.) Plaintiff fails to allege, let alone show, the existence of any duty to her that was breached. Accordingly, even if subject matter jurisdiction existed, Plaintiff Davinity Andrade's claim is subject to dismissal as it is

currently pleaded.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff Mashouna Andrade's motion to proceed *in forma pauperis*. (ECF No. 2.) Having conducted a mandatory screening of the Complaint, the Court **ORDERS** as follows:

1. The Court **DISMISSES WITH LEAVE TO AMEND** the Complaint for failure to adequately allege exhaustion. The Court lacks subject matter jurisdiction until Plaintiffs show that they have satisfied this requirement for their claims.

2. The Court **DISMISSES WITHOUT LEAVE TO AMEND** Defendants San Ysidro Health, Doe Sandra, and Doe Jasmine as improper defendants under the FTCA.

3. The Court **DISMISSES WITH LEAVE TO AMEND** Plaintiff Davinity Andrade's negligence claims for the reasons identified.

4. To reopen this case, Plaintiffs may file an amended complaint that corrects the foregoing deficiencies **no later than June 21, 2019**. If Plaintiffs do not file an amended complaint by this date, this case will remain closed. The Court advises Plaintiffs that any amended complaint will be subject to another mandatory screening by the Court.

**IT IS SO ORDERED.**

**DATED: May 21, 2019**

Hon. Cynthia Bashant
United States District Judge