UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHOUNA ANDRADE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 19-cv-0930-BAS-WVG<br><br>**ORDER GRANTING RENEWED *EX PARTE* MOTION FOR APPOINTMENT OF GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF**<br><br>**[ECF No. 8]** |

Plaintiff Davinity Andrade ("D.A."), proceeding with counsel, has renewed her *ex parte* motion for appointment of Raynisha Hensel as D.A.'s guardian *ad litem* on the ground that D.A. is an unrepresented minor. (ECF No. 8.) For the reasons herein, the Court grants the motion.

**LEGAL STANDARD**

Rule 17(c) establishes certain rules regarding representation of minors and competent persons in federal court actions. First, for individuals "with a representative," the Rule provides that "[t]he following representatives may sue or defend on behalf of a minor or an incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). Second, for individuals "without a representative," the Rule provides that "[a] minor

or incompetent person who does not have a duly appointed representative may sue by a next friend or by guardian ad litem. The court must appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2) (emphasis added). Federal courts have broad "power to appoint a special representative for a minor" under the Rule. *Elliott v. Versa CIC, L.P.*, 328 F.R.D. 554, 556 (S.D. Cal. 2018). "As a general matter, the decision whether to appoint a guardian ad litem is 'normally left to the sound discretion of the trial court.'" *Id.* (quoting *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986)).

**DISCUSSION**

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). D.A. is under the age of 18 years old and therefore is a minor under California law, the state where D.A. is domiciled. Cal. Fam. Code § 6502. Thus, Rule 17(c) requires that D.A. sue either through one of the enumerated representatives or through a next friend or guardian ad litem. *See* Fed. R. Civ. P. 17(c). Appointment of Hensel is sought under Rule 17(c)(2) for a minor without representation. (ECF No. 8 at 5.) The *ex parte* motion indicates that Hensel is D.A.'s older sister, is not a party to this action and therefore lacks a conflict of interest, and Hensel is willing to serve as the guardian ad litem for D.A. (*Id.* at 6.) Hensel has submitted a signed declaration personally attesting to her willingness to serve as a guardian *ad litem* for D.A. for these reasons. (ECF No. 8-2.) Hensel is over 18 years old and thus is not a minor. In its discretion, the Court finds that it is appropriate to appoint Hensel as a guardian *ad litem* for D.A. solely for the purposes of this action.

**CONCLUSION & ORDER**

The present *ex parte* motion for appointment of Hensel as guardian *ad litem* for D.A. is **GRANTED**. (ECF No. 8.) The Court **APPOINTS** Raynisha Hensel as

guardian *ad litem* for D.A. for the purposes of this action only. The Court further notifies Plaintiffs that a second mandatory screening order on the Amended Complaint (ECF No. 4) is forthcoming, as indicated in the Court's prior order dismissing the action without prejudice.

**IT IS SO ORDERED.**

**DATED: May 29, 2019**

Hon. Cynthia Bashant
United States District Judge