# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHOUNA ANDRADE, an individual, DAVINITY ANDRADE, a minor, by and through her guardian ad litem Raynisha Hensel,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. 19-cv-0930-BAS-WVG<br><br>**ORDER:**<br><br>**(1) DEEMING FIRST AMENDED COMPLAINT SUFFICIENT TO SURVIVE A MANDATORY SCREENING**<br><br>**[ECF No. 4]**<br><br>**(2) EXTENDING PLAINTIFFS' DEADLINE TO COMPLETE SERVICE ON DEFENDANT UNITED STATES** |

Following this Court's May 21, 2019 order authorizing Plaintiff Mashouna Andrade to proceed with this action *in forma pauperis* ("IFP") and dismissing the original complaint without prejudice pursuant to a mandatory screening, Plaintiffs Mashouna Andrade and Davinity Andrade, proceeding with counsel, have filed the First Amended Complaint ("FAC") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), against Defendant United States of America. (ECF No. 4.) As the Court previously explained, IFP complaints are subject to a mandatory screening by the Court. (ECF No. 3 at 4); 28 U.S.C. §1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Conducting a mandatory screening

of the FAC, the Court finds that (1) Plaintiffs have adequately alleged exhaustion of administrative remedies to invoke this Court's FTCA jurisdiction for tort claims against the United States and (2) Plaintiffs' claims are sufficiently pleaded to survive the Court's initial screening of their FAC. Additionally, the Court concludes that Plaintiffs have not yet completed proper service of the FAC and summons on Defendant United States and *sua sponte* extends their deadline to complete service.

**RELEVANT BACKGROUND**

The claims in the FAC stem from a series of events that began on September 16, 2016 when Plaintiff Mashouna Andrade allegedly went to an appointment at San Ysidro Health, an alleged Federally Qualified Health Center, in Chula Vista, California to receive a cavity filling. (FAC ¶¶ 4–5.) Dr. Andrew Beizaee performed the filling and gave Plaintiff instructions for post-filling care. (*Id.* ¶ 6.) Later that night, the filling fell out and so Plaintiff returned to San Ysidro Health the next day. (*Id.* ¶ 7.) Dr. Michael Rozen, a dentist, treated Plaintiff on an emergency basis by sedating Plaintiff and anesthetizing the tooth. (*Id.* ¶¶ 7–8.) In relevant part, Dr. Rozen prescribed Plaintiff Norco/acetaminophen, an opioid pain reliever, specifically 6 tablets 5/325 milligrams. (*Id.* ¶ 9.) Plaintiff did not fill the prescription because she felt better after her treatment. (*Id.* ¶ 10.) But eight days after her emergency treatment, Plaintiff felt a throbbing pain around her tooth. (*Id.*)

On September 26, 2016, Plaintiff sent her son to drop off the prescription from Dr. Rozen at a CVS pharmacy in San Diego, California. (*Id.* ¶ 10.) The CVS pharmacist called San Ysidro Health, on which call Jasmine, a San Ysidro Health employee, told the pharmacist that Plaintiff was not their patient and the doctor who signed the prescription did not work for them. (*Id.* ¶ 11.) Around 4:45 P.M. that day, Plaintiff Mashouna Andrade and her 9-year-old daughter, Plaintiff Davinity Andrade, went to pick up the prescription, at which point the CVS pharmacist called

the San Diego police. (*Id.* ¶¶ 12–13.) "Multiple San Diego police units responded" and 6 officers escorted Plaintiffs to the pharmacy desk, where the pharmacist "confirmed that she [Plaintiff Mashouna Andrade] was the person trying to 'pass the forged prescription.'" (*Id*. ¶ 13.) Two officers then forcibly handcuffed Plaintiff Mashouna Andrade "in front of her" daughter and additional units continued to arrive, "including a K-9 unit[.]" (*Id*. ¶ 13–14.) After placing Plaintiff Mashouna Andrade into a police car, San Diego Police Officer Anikanova then called San Ysidro Health, on which call Sandra, another San Ysidro Health employee, stated that Plaintiff was not their current patient and there was no record of anyone signing a prescription for her. (*Id.* ¶ 15.)

Plaintiff Mashouna Andrade was booked into the Las Colinas Detention Facility in Santee, California on September 26, 2016 and held on $20,000 bond. (*Id*. ¶ 17.) The San Diego District Attorney filed a felony complaint against her, Superior Court Case No. CD268940, alleging two counts of obtaining a prescription by fraud/deceit and forgery of a prescription for a narcotic. (*Id*. ¶ 18.) Plaintiff requested and gave a copy of her medical records from San Ysidro Health to her public defender. (*Id.* ¶ 19.) Thereafter, the District Attorney dropped the charges at the second readiness hearing. (*Id*.)

Based on this conduct, Plaintiff Mashouna Andrade brings a negligence claim against the United States for pain, suffering, emotional distress and medical expenses. (*Id*. ¶¶ 22–26.) She claims that the United States is liable for the negligence of San Ysidro Health, Jasmine, and Sandra, who Plaintiff alleges breached their duty of ordinary care owed to her. (*Id.* ¶¶ 22–24.) Plaintiff Davinity Andrade also brings a negligence claim because she "was present at CVS Pharmacy when the aforementioned negligence of San Ysidro, and its employees Jasmine and Sandra occurred." (*Id*. ¶ 27.) Plaintiff Davinity Andrade alleges that she suffered

"serious emotional distress" as a result of the conduct. (*Id.* ¶ 29.)

**DISCUSSION**

A complaint filed by any litigant proceeding IFP is subject to a mandatory screening by the court in which the complaint is brought. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §1915(e)(2)(B) are not limited to prisoners."). Under Section 1915(e)(2), the court must dismiss a case if the court determines that the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against persons immune from suit. Because this case is proceeding based on the IFP status the Court has granted to Plaintiff Mashouna Andrade, the Court conducts a mandatory screening of the FAC.

**1.     Plaintiffs Adequately Allege FTCA Jurisdiction**

The United States is generally immune from suit, and can only be sued to the extent that it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814 (1976). The FTCA, 28 U.S.C § 1346(b)(1), provides such a waiver "for tort claims arising out of the negligent conduct of government employees and agencies in circumstances where the United States, if a private person, would be liable to the claimant" under state law. *Green v. United States*, 630 F.3d 1245, 1249 (9th Cir. 2011).

As a prerequisite to jurisdiction, the FTCA requires that the plaintiff first present the claim to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The claim must be "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If the agency fails to make a final disposition of a claim within six months, the claim is deemed denied. *Id*. A plaintiff has six months from the final agency denial of a claim to file

an action under the FTCA in federal district court. 28 U.S.C. § 2401(b). A plaintiff may not bring a claim under the FTCA until she has exhausted all administrative remedies in accordance with the FTCA's timing requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993). This exhaustion requirement is interpreted strictly. *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006). Plaintiffs bear the initial burden of establishing subject matter jurisdiction under the FTCA. *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

As the Court noted in its first screening order, the Department of Health and Human Services ("DHHS") appears to be the appropriate agency to assert an FTCA claim concerning alleged negligence by employees of a federally qualified health center, like San Ysidro Health. *See Velasquez v. United States*, No. 2:13-cv-02559-JAM-AC, 2014 WL 3837294, at *1–2 (E.D. Cal. July 31, 2014). In its first screening order, however, the Court determined that Plaintiffs had failed to adequately allege exhaustion to invoke this Court's FTCA jurisdiction because Plaintiffs offered a single allegation with conclusory allegations of compliance, without reference to any dates. (ECF No. 3 at 5–6.)

Unlike their original complaint, Plaintiffs now allege that they mailed a standard FTCA Form 95 to the DHHS Office of General Counsel (the "DHHS Office") on August 3, 2018 that was received on August 6, 2018. (FAC ¶ 20.) At the request of the DHHS Office, Plaintiff Mashouna Andrade subsequently sent a second Standard Form 65 on behalf of her daughter Plaintiff Davinity Andrade, submitted to the DHHS Office on August 20, 2018. (*Id*.) The alleged events that form the basis of Plaintiffs' claims occurred, at the earliest, on September 26, 2016 when Plaintiff Mashouna Andrade was arrested at the CVS Pharmacy due to the alleged negligence of certain San Ysidro Health employees. Both Plaintiffs timely presented their claims to DHHS within two years of the earliest accrual date for their

claims. The DHHS Office then allegedly sent a letter to Plaintiffs on January 24, 2019, denying both claims and informing Plaintiffs that the denial constituted a notice of final determination. (*Id.* ¶ 21.) "The letter also stated that if Mashouna Andrade is dissatisfied with the decision, she is 'entitled to file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).'" (*Id.* (apparently quoting from letter).) Based on these allegations, Plaintiffs had until July 24, 2019 to timely bring suit. Plaintiffs filed suit on May 17, 2019 and filed the FAC on May 22, 2019, before the expiration of the 6-month period to file their claims in federal court. (ECF Nos. 1, 4.) Accordingly, the Court finds that Plaintiffs have alleged sufficient factual allegations to establish that this Court possesses subject matter jurisdiction over their pleadings pursuant to the FTCA.

**2.    The FAC's Sufficiency**

Under the FTCA, "the United States . . . [is] liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Thus, to hold the United States liable under the FTCA, a plaintiff must allege the same elements that state law requires for the substantive cause of action on which the plaintiff sues. *See Rayonier Inc. v. United States*, 352 U.S. 315, 318 (1957).

Plaintiffs seek to raise negligence claims based on alleged conduct that occurred in California. "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc*., 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1564 (Cal. Ct. App. 1990)).

Plaintiff Mashouna Andrade again alleges that San Ysidro Health, Jasmine,

and Sandra each owed her a duty of "ordinary care that a reasonable person would have exercised" that they breached when they told the CVS pharmacist and the San Diego police that Plaintiff was not a San Ysidro Health patient, that Dr. Rozen did not work for San Ysidro Health, and that no one at San Ysidro Health signed Mashouna Andrade's prescription. (FAC ¶¶ 22–26.) Mashouna Andrade alleges that she suffered pain, emotional distress, and medical expenses as a result of the breach of that duty. (*Id.* ¶ 25.) As the Court advised in its first screening order, these allegations are adequate to survive a mandatory screening of the FAC. Accordingly, the Court finds that Plaintiff Mashouna Andrade may proceed with her negligence claim.

In the first screening order, the Court advised that Plaintiff Davinity Andrade's bystander negligence claim may be inadequate to state a claim sufficient to survive the mandatory screening of the FAC because Plaintiff failed to identify any requisite duty. Having reviewed applicable California law, the Court deems Plaintiff Davinity Andrade's claim sufficient to survive a mandatory screening.

"'[B]ystander cases . . . address 'the question of duty in circumstances in which a plaintiff seeks to recover damages as a percipient witness to the injury of another' . . . Bystander liability is premised upon a defendant's violation of a duty not to negligently cause emotional distress to people who observe conduct which causes harm to another." *Burgess v. Superior Court of Los Angeles Cty.*, 831 P.2d 1197, 1200 (Cal. 1992). A bystander liability claim requires that "the plaintiff must be (1) closely related to the injury victim; (2) present at the scene of the injury-producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) suffer emotional distress as a result, beyond that which would occur in a disinterested witness." *Robinson v. United States*, 175 F. Supp. 2d 1215, 1225 (E.D. Cal. 2001) (citing *Thing v. La Chusa*, 771 P.2d 814, 815 (Cal. 1989)). Here,

Plaintiff Davinity Andrade alleges that she is the daughter of Plaintiff Mashouna Andrade, that she "was present when the negligence of San Ysidro Health, Doe Jasmine, and Doe Sandra occurred[,]" and she "was aware that the arrest of her mother . . . was causing injury to her mother." (FAC ¶¶ 27–28.) Plaintiff Davinity Andrade further alleges that she "suffered serious emotional distress as a result of the negligence of San Ysidro Health, and its employees Jasmine and Sandra." (*Id*. ¶¶ 28–29.) The Court deems these allegations adequate to satisfy the requirements of a bystander negligence liability claim. Accordingly, Plaintiff Davinity Andrade may proceed with her bystander negligence claim at this stage.

**3. Service on Defendant United States**

Before this Court could conduct a mandatory screening of the FAC, Plaintiffs' counsel requested and received the issuance of a summons on the FAC. (ECF No. 6.) Thereafter, Plaintiff Mashouna Andrade filed a summons returned executed on June 17, 2019, which reflects that Plaintiffs' attorney served the FAC and summons on the United States Attorney's Office located in San Diego, California on June 17, 2019. (ECF No. 10.) Plaintiffs, however, have not yet completed proper service on Defendant United States.

Rule 4(i) governs service of a complaint and summons on the United States, a United States agency, and an employee of the United States. To serve the United States, a plaintiff must take two steps. First, the plaintiff must either (1) deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or (2) send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office. Fed. R. Civ. P. 4(i)(1)(A). Second, the plaintiff must send a copy of each by registered or certified mail to the

Attorney General of the United States at Washington, D.C. *Id*. 4(i)(1)(B). In addition to these specific requirements, a plaintiff must serve the complaint and summons within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). A court has the authority to either dismiss the action without prejudice or to order that service be made within a specified time. *Id*.

Here, although Plaintiffs served the United States Attorney's Office for the Southern District of California on June 17, 2019, (ECF No. 6), Plaintiffs have not yet provided proof of service on the Attorney General of the United States. Plaintiffs' deadline to do so is August 20, 2019. In its discretion, the Court *sua sponte* extends the deadline for Plaintiffs to timely serve the Attorney General of the United States by an additional thirty days from their current deadline.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DEEMS** the FAC sufficient to survive this mandatory screening. This determination does not preclude Defendant United States from moving to dismiss, including on any grounds addressed in this order after Plaintiffs complete service.

The Court *sua sponte* **EXTENDS** by thirty days the deadline for Plaintiffs to complete proper service of the FAC and summons on Defendant United States in accordance with Federal Rule of Civil Procedure 4(i). Plaintiffs are **ORDERED** to serve the FAC and summons on the Attorney General of the United States, in accordance with Rule 4(i), **no later than September 19, 2019.** Plaintiffs shall promptly file proof of such service.

**IT IS SO ORDERED.**

**DATED: August 12, 2019**

Hon. Cynthia Bashant
United States District Judge